In re LITTLE.

Patent Appeal No. 3391.

Court of Customs and Patent Appeals.
Dec. 10, 1934.

Sydney I. Prescott, of New York City (Joseph Shea, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, which affirmed the decision of the Examiner in refusing to allow claims 23, 25, and 27 of appellant's application for a patent on certain alleged improvements in defective package ejection devices for packaging machines.

A number of claims were allowed. The rejected claims are as follows:

"23. The combination with means for advancing groups of cigarettes, of a corresponding group of independently movable feelers engaging the ends of cigarettes in said means, and interposed mechanism actuated by abnormal movement of any one of said feelers due to defective group to cause said means to eject said defective group."

"25. The combination with means for advancing groups of articles, of an inspecting device associated with said means and including a corresponding group of independently movable feelers for engaging the ends of said articles, and mechanism actuated only by abnormal movement of one or more of said feelers when in engagement with a defective group to cause said means to eject the defective group of articles as a unit."

"27. The combination with means for advancing groups of articles, of an inspecting device associated with said means and including a corresponding group of independently movable feelers for engaging said groups to detect short or missing articles therein, and mechanism actuated only by abnormal movement of one or more of said feelers when in engagement with a defective group to eject the defective group as a unit."

The Examiner rejected said claims on the following references: Arelt et al., 1,682,464, August 28, 1928; Muller et al. (British), 260,150, October 28, 1926.

In doing so, the Examiner expressed the view that it would not be invention, in view of Arelt, "to adopt in Muller a type of feeler which engages the ends instead of the sides of the cigarettes, to eject the package if it is defective in either respect noted."

The Board, while affirming the decision of the Examiner, expressed the view that "even in the absence of the patent to Muller et al. we consider that invention is lacking."

The subject-matter of appellant's application is a machine to detect and eject defective packages, particularly adapted to packages of cigarettes. Without going into extensive and unnecessary detail, the machine consists of a rotating turret in compartments of which packages of cigarettes, open at the top and with the ends of the cigarettes exposed, are carried. Each package, as the turret revolves, passes beneath a feeler which passes over the ends of the cigarettes. If there be a short cigarette, or a hole caused by the absence of a cigarette, a corresponding pin in the feeler enters this space. This completes an electric circuit, which, in turn, sets into motion elements which eject this imperfect package, instead of its being discharged into the delivery pathway.

The Arelt et al. reference discloses a mechanism for packaging, as, for example, packaging cigarettes. It discloses a mechanism for detecting imperfect cigarettes, or vacancies, in the compressor in which the cigarettes for one package are assembled and prepared for packaging. This detection is accomplished by means of a feeler having a series of pins, which feeler passes over the end of the cigarettes. Where there is a vacancy or short cigarette, the corresponding pin of the feeler enters into the opening in the group of cigarettes, thus closing an electric circuit, and by means of the closing of which circuit an audible alarm is sounded, and a marking device defaces the package wrapper, for ready recognition when the package is discharged from the machine.

The Muller reference relates to a machine for packaging cigarettes. In this machine the cigarettes are fed from a hopper through a channel to plunger chambers in a rotating disc. These chambers are located in the outside of a disc of star shape; there being four of such chambers removed 90° from each other. From the hopper and channel, each of said chambers is filled with the requisite number of cigarettes for a package, laid in two rows. After one of such chambers is filled, the disc rotates, and, at a point 90° from the point of filling, the cigarettes in such chamber pass beneath a feeler, which feeler passes over the sides of the topmost cigarettes in the chamber. If the chamber is properly filled, nothing happens. If, however, one of the rows of ciga-

rettes is deficient in number, a pin on the feeler will enter such space caused by the vacancy, and thereupon elements are put in motion which, when the star wheel has revolved another 90°, will open a door between the chamber and the outside of the disc, and will permit all the cigarettes in said chamber to fall out. In this way the cigarettes in the defective group will not reach the point where they are actually packaged.

We do not find ourselves in harmony with the view expressed by the Board of Appeals that invention would be lacking if the Muller et al. reference were absent. However, we are satisfied that the claims here involved were properly disallowed on Arelt et al. in view of Muller et al.

Counsel for appellant points out that Muller et al. shows a device which will not accomplish the results shown in appellant's disclosure; namely, that, as the feeler passes over the sides of the cigarettes only, it will not detect short cigarettes. This is true, but the art had been taught by Arelt et al. that a feeler passing over the *ends* of groups of cigarettes would detect such short cigarettes. We agree with the Board that it would not constitute invention for one skilled in the art, with the disclosures of Arelt et al. and Muller et al. before him, to so modify Arelt et al. that it would eject the defective group, instead of ringing a bell and marking the package.

We are not to be understood as holding that details of the specific apparatus for accomplishing this result may not be patentable. In this case, many claims based upon these details have been allowed. The rejected claims, however, are broad and comprehensive, and rest, not upon such details of mechanism, but upon general concepts which are fully disclosed and taught by the combined references.

The decision of the Board of Appeals is affirmed.

Affirmed.